No. 2.—STATE OF LOUISIANA ex rel. SIMEON BELDEN, Attorney General, et al., *v.* HENRY J. LEOVY.

The title of the act of the Legislature of 1868, No. 27, entitled an act "to determine the mode of filling vacancies in all offices for which provision is not made in the constitution" is sufficiently comprehensive to embrace the objects of the statute.

Section one of this act does not violate the constitution in requiring vacancies in municipal offices to be filled by appointment.

The Common Council of the city of New Orleans have no power to fill vacancies in offices of the corporation arising from death, resignation, or otherwise. In such cases it is made the duty of the Governor to appoint for the unexpired term. Acts of 1868, No. 27. § 1.

APPEAL from the Fifth District Court of New Orleans. *Leaumont, J.* *Simeon Belden,* Attorney General, *J. R. Beckwith* in *pro. per.,* *L. Madison Day* and *W. R. Mills,* for relators. *Thomas J. Semmes* and *Francis Monroe,* for defendant and appellant.

State of Louisiana ex rel. Simeon Belden, Attorney General, et al., v. Henry J. Leovy.

TALIAFERRO, J.   This action is brought under the act of the Legislature approved eighth September, 1868, usually termed the " Intrusion Act," prescribing the mode of proceeding against persons usurping or illegally holding public offices.   The relators charge that the defendant, Leovy, is unlawfully holding the office of city attorney and exercising its duties without legal right, and they aver that James R. Beckwith is the legal appointee to that office, holding a commission from the Governor of the State.   They pray that his legal right to that office be judicially decreed and that the defendant, Henry J. Leovy, be adjudged an usurper of said office and that his claims and pretensions to the same be declared to be without authority of law and void, and that he pay all costs of these proceedings.

The defendant filed a general denial.   Sets up right to the office by virtue of an election by the Boards of Aldermen and a commission thereupon issued to him by the Mayor of the city, and prays that plaintiff's petition be dismissed.

There was judgment in the court below in favor of the relators, deciding that James R. Beckwith is legally entitled to hold the office of City Attorney, and to have been legally appointed to said office for the unexpired term thereof, and until his successor shall have been duly elected.   The judgment further decrees that Henry J. Leovy is an intruder into said office and without lawful right to hold it or exercise its duties.

From this judgment the defendant has appealed.

We find at the outset an exception by defendant, the purport of which is that the petition of plaintiff is not in the name of the State as required by law but in the name of the Attorney General, who is not authorized to stand in judgment.   The petition is drawn in conformity with the statute relating to proceedings of the kind.   (See case of State of Louisiana v. Kreider decided at the late Monroe term of this court.)   The exception was properly overruled.

We find the facts to be these:

On the thirtieth day of June, 1868, the Boards of Aldermen and Assistant Aldermen elected J. B. Eustis City Attorney.

On the fifteenth of September following J. B. Eustis resigned the office.   On the same day the Boards of Aldermen and Assistant Aldermen elected Henry J. Leovy City Attorney.  Beckwith, the plaintiff, was appointed City Attorney by the Governor and duly commissioned by him on the ninth of March, 1869.

The inquiry is, which contestant is the lawful City Attorney ?

By the act of the Legislature approved August 19, 1868, it is provided that whenever vacancies occur in any office, State, parish or municipal, such vacancies shall be filled by the Governor, etc.

The defendant objects that this act, No. 27, is null and void as being violative of the constitution of the State for the reason that the object

of the law is not expressed in the title so far as municipal officers are concerned. This objection is without weight. The title is sufficiently comprehensive. It is " to determine the mode of filling vacancies in all offices for which provision is not made in the constitution."

It is argued that Eustis was never in office because he could not take the required oaths, and consequently that the election of Leovy was for the full term, as that of Eustis was intended to be, and therefore there was no vacancy to be filled.

The ability or inability of Eustis to take the required oaths is no matter of inquiry before this court. We find from the record that he was formally elected, that some two months afterwards he formally resigned, and that a successor was formally elected to fill the vacancy arising from his resignation. If it were relevant to consider the question of his ability to take the required oaths we should not feel prepared to infer his inability from any thing that appears in the record. The same argument might be offered against the ability of the defendant to qualify as it appears he took part of the oath prescribed by the act No. 39, and now declares the act unconstitutional.

There being a vacancy in the office of City Attorney at the time of Eustis's resignation it was incumbent upon the Governor to fill the vacancy, arising as it did during the term, by appointing a person to discharge the duties of the office during the unexpired period of that term and until the next regular election in due course of law.

The election of Leovy by the Boards of Aldermen is null, being an act they were without power to perform.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs in both courts.

Rehearing refused.